UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. H-05-405 |
| | § | |
| NOEL CHENEAU, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant's Motion to Suppress Evidence and Confession (Doc. #133). Defendant seeks to exclude narcotics recovered from a search of his vehicle during the course of a traffic stop, as well as a confession made after his arrest. Defendant contends that the traffic stop was not based on probable cause, and that Defendant's consent to the vehicle search was not voluntary. For the reasons set forth below, Defendant's motion is **DENIED**.

At the evidentiary hearing on this motion, Defendant and one arresting officer testified to the circumstances surrounding the traffic stop and subsequent arrest. A video and audio recording of the vehicle search and arrest were also played for the Court. The evidence demonstrated that the articulated justification for the traffic stop was Defendant's failure to maintain a single lane of traffic. Although this reason may well have been a pretext utilized to further a narcotics investigation, Whren v. United States authorizes such pretextual traffic stops. 517 U.S. 806 (1996). The Supreme Court has held that where there is probable cause to believe that a traffic violation has occurred, the subjective intentions of the officer are irrelevant and "do[] not make otherwise lawful conduct illegal or unconstitutional." Id. at 813 (quoting Scott v. United States, 436 U.S. 128, 138 (1978)). In this case, probable cause for the traffic stop was established by the arresting officer's testimony that he witnessed Defendant's vehicle travel over

the center divide of the eastbound lanes of the interstate—an assertion corroborated by the Defendant's videotaped explanation to the arresting officer that his erratic driving was a result of sending a text message while operating the vehicle.  Thus, because the government established that there was probable cause to believe that Defendant committed a traffic violation, the traffic stop was reasonable under the Fourth Amendment regardless of the arresting officer's subjective intentions.

Furthermore, Defendant's consent to the search of his vehicle was valid under the six-factor voluntariness test set out in <u>United States v. Richard</u>, 994 F.2d 244, 250-51 (5th Cir. 1993).  While none of the six factors is dispositive, the Court may consider: (1) the voluntariness of Defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of Defendant's cooperation; (4) Defendant's awareness of his right to refuse consent; (5) Defendant's education and intelligence; and (6) Defendant's belief that no incriminating evidence will be found.  <u>Id.</u>  The video recording of Defendant's consent demonstrated that no coercive police procedures were utilized, Defendant exhibited a desire to cooperate with the officers, and Defendant was not under duress when he consented to the search.  Because Defendant's consent was given freely and voluntarily, the search of the vehicle was legal, and there was no constitutional infirmity in the incriminating statements subsequently made by Defendant.  Defendant's Motion to Suppress is therefore **DENIED**.

IT IS SO ORDERED.

SIGNED this 31st day of August, 2006

*[signature: Keith P. Ellison]*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**